**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, ET AL.<br><br>**Plaintiffs**<br><br><br>v.<br><br><br>L.P.C.&D., INC. ET AL.<br><br>**Defendants** | **CIVIL NO.** 24-1538 (RAM) |

<u>**OPINION AND ORDER**</u>

This matter comes before the Court on Defendants L.P.C.&D., Inc. ("LPCD"), Las Piedras Construction Corp. ("Las Piedras"), Tejo, Inc. ("Tejo"), Equipment Depot, Inc. ("EDI"), Kane Caribbean, Inc. ("KCI"), Piezas Extra, Inc. ("PEI"), Equipos de Boquerón, Inc. ("EBI"), Caribbean Raceway Park, Inc. ("CRP"), Hacienda Cuco, Inc. ("HCI"), and Pedro Feliciano Benítez ("Feliciano Benítez") (collectively, "Defendants" or "Indemnitors")'s *Motion for Reconsideration* asking this Court to rethink its earlier ruling on Magistrate Judge Marcos E. Lopez's December 12, 2025 Report and Recommendation ("R & R"). (Docket No. 73).

After presiding over an evidentiary hearing, the Magistrate Judge recommended that Plaintiffs Zurich American Insurance Company ("Zurich"), Fidelity and Deposit Company of Maryland ("F&D"), XL Specialty Insurance Company ("XLS"), and XL

Reinsurance America, Inc. ("XLR") (collectively, "Plaintiffs" or "Sureties")'s *Motion to Compel* at Docket No. 2 be denied, on the grounds that the Sureties failed to demonstrate the irreparable harm necessary for preliminary injunctive relief. (Docket No. 63 at 38). The Sureties and the Indemnitors each filed timely objections to the R & R. (Docket Nos. 70 and 71). The Sureties also filed a *Response in Opposition* to the Indemnitors' objection. (Docket No. 72).

The Court reviewed the record *de novo* and adopted in part and rejected in part the R & R. (Docket No. 73). The Court ruled that the loss suffered by the Sureties was not "merely" economic or redressable by money damages. Id. at 15. Consistent with the Restatement (Third) of Suretyship and Guaranty and the great majority of the case law from across the nation, this Court concluded that the Sureties had shown irreparable harm and so respectfully rejected the Magistrate's recommendation. Id. The Court instructed the Indemnitors to deposit collateral with Zurich in the amount of $2,676,471.31 and to provide the Sureties with reasonable access to books, records, and accounts. Id. at 22.

On March 2, 2026, the Indemnitors filed the present *Motion for Reconsideration*, arguing that the Court committed manifest errors of law by "failing to consider the evidence presented during the evidentiary hearing" and by not considering a state case in which the Puerto Rico Aqueduct and Sewer Authority ("PRASA") had

already surrendered more than $4.3 million to judicial custody. (Docket No. 76 at 4, 6).

On March 18, 2026, the Sureties filed a *Response* to the Indemnitors' *Motion for Reconsideration*, arguing that the Indemnitors' "arguments are mere reiterations of issues already brought before the Court and decided by the Court," both as to the evidentiary hearing testimony issue and the deposit of funds in an antecedent state case issue. (Docket No. 93 at 2).

## I.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. Consequently, a motion which asks "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005); *see also* United States v. Pérez-Greaux, 382 F. Supp.3d 177, 178 (D.P.R. 2019). A Rule 59(e) motion is an extraordinary remedy and may be granted only if the party moving for reconsideration identifies a manifest error of law, newly discovered evidence, or any other circumstance such as a change in controlling law to warrant granting its motion for reconsideration. *See* United States v. Peña-Fernández, 394 F. Supp. 3d 205, 207 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)).

Civil No. 24-1538(RAM)                                                    4

According to the First Circuit, reconsideration is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Indeed "[w]hen the motion **simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration.**" Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); *see also* Santa Cruz-Bacardi v. Metro Pavia Hospital, Inc., 2019 WL 4453620, at *2 (D.P.R. 2019) (internal quotation omitted) (emphasis added). Further, such a motion may not be brought by a losing party to "raise legal theories that should have been raised earlier." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, 2018 WL 9412924, at *6 (D.P.R. 2018) (citation omitted). Hence, a reconsideration does "not provide a vehicle for a party to undo its own procedural failures." Peña-Fernández, 2019 WL 3716472, at *2 (internal quotation omitted).

## II.  ANALYSIS

### A. The alleged surrender of funds to judicial custody

A Rule 59(e) motion asking a court to reconsider its adoption of an R & R is not an opportunity for a litigant to belatedly contest the magistrate's earlier resolution of an issue. In the case at bar, Magistrate Judge Lopez's R & R explicitly considered the argument that the Indemnitors restate here, ruling that it was not sufficiently developed to warrant judgment:

Civil No. 24-1538(RAM)                                                5

> During the hearing, Defendants inquired about the fact that PRASA deposited a four million three hundred thousand dollar ($4,300,000.00) retainage amount in the state court for its liability in the Soletanche Litigation, which Plaintiffs did not consider during the calculations for their loss reserve. ECF No. 58, Evid. Hrg., Aug. 20, 2025, at 1:40:39-1:41:58. Defendants attempted to argue that Plaintiffs should have considered this deposit when calculating their reserves as it would impact the exposure risk Plaintiffs are facing. 3:45:46-3:46:17, 3:46:40-3:47:25. However, Defendants failed to explain why the retainage amount PRASA deposited to cover its liability in the Soletanche Litigation should have been considered by Plaintiffs when calculating their exposure risk, when the Appellate Judgment clearly separates the liability amount PRASA faces from the liability amount LPCD and the Sureties face. Exhibit 5-t at p. 69. In fact, neither party elaborated this point during the hearing, nor have they provided information, written or otherwise, of the impact, if any, it has on Plaintiffs' exposure risk. ECF No. 58, Evid. Hrg., Aug. 20, 2025, at 3:47:31-3:47:46, 3:47:55-3:48:02, 3:48:55-3:49:09. With this limited information, a determination cannot be made in this regard.

(Docket No. 63 at 35 n.28)

The proper stage to contest the Magistrate's conclusion that the record was not sufficiently developed came when the Indemnitors filed their *Objection* to the R & R. (Docket No. 71). In it, they are altogether silent as to the question of funds under judicial custody in state court. Id. So, there is no newly discovered evidence or manifest error of law here. *See, e.g.,* Alicea v. Machete Music, 744 F.3d 773, 781 (1st Cir. 2014) ("[n]ewly

Civil No. 24-1538(RAM)                                                    6

discovered evidence must be of facts existing at the time of trial. The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them") (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2808).

**B. <u>The allegation that the Court did not consider hearing testimony</u>**

The Indemnitors assert that the Court failed to consider a portion of the testimony at the evidentiary hearing held by the Magistrate Judge, in which a representative of two of the Sureties opined that she "[didn't] believe" that the Sureties stood to suffer more than a potential economic loss. (Docket Nos. 63 at 24-25, 76 at 3). Unfortunately for the Indemnitors, that contention is simply incorrect. The Court did review the record and the Magistrate's opinion as to the saliency of the hearing testimony in detail. The Court simply concluded, and affirms here, that as a matter of law, the Sureties' injury is not limited to future dollars paid--rather, it includes both the infliction of an unbargained-for risk of loss as well as the annulment of the contractual right to immediate collateral that the Sureties acquired. (Docket No. 73 at 10-11).

The Court's view accords with the law of suretyship and the advice of the Restatement (Third) of Suretyship and Guaranty. RESTATEMENT (THIRD) OF SURETYSHIP AND GUARANTY § 21. The dominant

trend in the case law favors the path this Court has charted. *See, e.g.,* Safeco Ins. Co. of Am. v. Schwab, 739 F.2d 431, 433 (9th Cir. 1984) ("Sureties are ordinarily entitled to specific performance of collateral security clauses"); Merchs. Bonding Co. (Mut.) v. Ark. Constr. Sols., LLC, 2019 WL 452767, *4 (W.D. Ark. 2019) ("In the Court's view, there are more district courts that come down squarely on the side of granting preliminary injunctive relief in indemnity agreement cases"). District courts surveying the case law from across the country have observed that an "an overwhelming majority of district courts" have sided with sureties in ordering indemnitors to furnish collateral. Argonaut Ins. Co. v. Summit Concrete, Inc., 647 F. Supp. 3d 1228, 1233 (N.D. Ala. 2022) (collateralization "is necessary to protect...the bargained-for benefit of collateral security, avoidance of present exposure to liability during pending litigation against indemnitors, and avoidance of risk that...the surety will be left as a general unsecured creditor"). Other courts' review of the precedent has remarked that "case law nationwide has recognized the right of a surety to use the equitable remedy of specific enforcement to secure collateralization." Auto-Owners Ins. Co. v. Randy B. Terry, Inc., 2013 WL 6583959, at *6 (N.D. Ala. 2013). Similarly, other districts have noted that courts "routinely" find that "sureties suffer immediate, irreparable harm if they are denied receipt of collateral," and "generally" grant "specific performance to

enforce collateral security clauses based on the premise [that] such remedy is required to protect the surety's bargain." <u>Great Am. Ins. Co. v. SRS, Inc.</u>, 2011 WL 6754072, at *8 (M.D. Tenn. 2011); <u>Liberty Mut. Ins. Co. v. Nat'l Pers. of Texas, Inc.</u>, 2004 WL 583531, at *2 (N.D. Tex. 2004).

One representative's insinuation to the contrary at a hearing does not alter the Court's above conclusion as a matter of law.

### III. CONCLUSION

For the foregoing reasons, the Indemnitors' *Motion for Reconsideration* at Docket No. 76 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 25th day of March 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge